IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE GRAND JURY SUBPOENA. ) ) ) ) ) ) ) ) | Misc. No. 11-261 |

### FOX NEWS NETWORK, LLC'S MOTION TO INTERVENE

Fox News Network, LLC ("Fox News") moves for leave to intervene in these proceedings. The question presented in this case is whether a grand jury subpoena issued to Michael Levine, a Fox News reporter, should be quashed. Fox News has a substantial interest in how this Court resolves that question. As explained in more detail in the accompanying Memorandum of Points and Authorities in Support of Fox News' Motion to Intervene, Fox News should be granted leave to intervene in this matter. A proposed order is attached hereto.

Respectfully submitted,

Of counsel:

Dori Ann Hanswirth
dori.hanswirth@hoganlovells.com
Nathaniel S. Boyer
nathaniel.boyer@hoganlovells.com
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
(212) 918-3000 (tel.)
(212) 918-3100 (fax)

Dated: May 3, 2011

/s/ Douglas T. Fellman

Douglas A. Fellman (D.C. Bar No. 412746)
douglas.fellman@hoganlovells.com
Christopher T. Handman (D.C. Bar No. 471017)
chris.handman@hoganlovells.com
Dominic F. Perella (D.C. Bar No. 976381)
dominic.perella@hoganlovells.com
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600 (tel.)
(202) 637-5910 (fax)

Counsel for Fox News Network, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2011, copies of Fox News Network, LLC's Motion to Intervene were served by hand and electronic mail on the following:

> Jack Smith, Chief
> Eric G. Olshan, Trial Attorney
> Public Integrity Section, Criminal Division
> 1400 New York Avenue NW
> Washington, D.C.   20005
> eric.olshan@usdoj.gov
>
> Counsel for the United States
>
>
> John S. Darden
> PATTON BOGGS LLP
> 2550 M Street, NW
> Washington, D.C. 20037-1350
> jdarden@pattonboggs.com
>
> Counsel for Michael Levine

/s/ Christopher T. Handman
Christopher T. Handman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE GRAND JURY SUBPOENA. ) Misc. No. 11-261

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FOX NEWS NETWORK, LLC'S MOTION TO INTERVENE

Fox News Network, LLC ("Fox News") hereby moves for leave to intervene in these proceedings. The question presented in these proceedings is whether a grand jury subpoena issued to Michael Levine, Fox News' Department of Justice and Homeland security producer, should be quashed.

Fox News' interest in quashing a subpoena issued to one of its reporters is as obvious as it is substantial. What the government seeks from this subpoena—the identity of Mr. Levine's sources for a story published by Fox News—is the important work product that Mr. Levine produced as a full-time salaried employee of Fox News. He cultivated these sources so that he could draft material for Fox News' website, foxnews.com, all for the benefit of Fox News. Moreover, the subpoena directly calls for the production of property that belongs to Fox News itself. That is because, under copyright law ███████████████████████ ███████, all drafts and notes created by Fox News reporters are deemed the property of Fox News. Because the subpoena here directs Mr. Levine to produce his drafts and notes, Fox News has an indisputable interest in this proceeding.

But Fox News' interests run deeper still. The subpoena will fundamentally harm Fox News for the reasons set forth in Fox News' accompanying Motion to Quash. If this subpoena

1

is enforced, it will cast a "chilling effect" on all of Fox News' reporters. The law permits parties to intervene in grand jury proceedings under these circumstances. This motion should be granted.

## FACTUAL BACKGROUND

The Department of Justice ("the Department") served a subpoena, directed to Michael Levine, through Fox News' legal department on January 28, 2011. *See* Subpoena, attached to Michael Levine's Motion to Quash as Ex. B ("Levine Subpoena"). The subpoena demanded documents and grand jury testimony from Mr. Levine in connection with an article he wrote on July 2, 2009, regarding the al-Shabaab terrorist organization ("July 2 Article") (attached to Michael Levine's Motion to Quash as Ex. A). The subpoena called for Mr. Levine to produce the following categories of documents: (1) "any and all notes" taken by Mr. Levine between June 1 and July 1, 2009, "in connection with any communication" between Mr. Levine and any government official with respect to the al-Shabaab investigation; (2) "any and all notes" taken by Mr. Levine between June 1 and July 1, 2009, in connection with his July 2 Article; (3) any written record of any agreement with any government employee "regarding attribution, anonymity, or confidentiality" of the source of information in the July 2 Article; and (4) any written material "identifying the individuals referenced as 'law enforcement sources' " in the July 1 Article. Levine Subpoena, Attachment A, ¶ 2. The purpose of the subpoena is clear on its face: The Department wants to discover the identity of "law enforcement officials" referred to in the July 2 article who allegedly told Levine about sealed indictments that had been issued in a Minnesota-based grand jury investigation.

Mr. Levine, a full-time Fox News employee, is the organization's Department of Justice and Department of Homeland Security producer. *See* Decl. of Dianne Brandi ¶ 2 (hereinafter

"Brandi Decl.") (attached hereto as Ex. 1). In that position, he investigates and reports for Fox News on matters of national security. Working under the direction and supervision of Fox News' editors, Mr. Levine produces written and video content—such as the July 2 Article—that is published exclusively on outlets owned and operated by Fox News, such as foxnews.com, or on other outlets that have Fox News' consent to republish its content. *See* Decl. of Michael Clemente ¶ 2 (hereinafter "Clemente Decl.") (attached to Fox News' Mot. to Quash as Ex. 1).

All documents that Mr. Levine generates in the course of his employment, and all the information he gathers in the course of his newsgathering activities for Fox News, are the property of Fox News. *See* Brandi Decl. ¶ 5.



The subpoena thus seeks Fox News' property. But it also has the potential to degrade Fox News' interests in other ways. Fox News considers the relationship between a source and one of its reporters to be sacrosanct; it is the foundation of Fox News' enterprise to inform the public about the important events of the day. *See* Clemente Decl. ¶ 10. A subpoena that seeks to sever such a relationship—and this subpoena, if enforced, would do just that—would damage Fox News' ability to gather and report news. *Id.* And Fox News reporters, more than other

3

reporters, are certain to feel the chilling effect from a subpoena being enforced against one among their ranks. *Id.* ¶ 11.

Although Fox News' interest in a free press, its concern for reporters' ability to gather and report the news, and its proprietary interest in the materials requested by the subpoena are reason enough to warrant intervention, this proceeding implicates many other concerns unique to Fox News. Among them are the harms that would come from losing Mr. Levine's services were he imprisoned for contempt, the significant legal fees incurred in challenging this subpoena, and the distractions of management personnel in contending with the Department over this intrusive subpoena. *See* Clemente Decl. ¶ 11.

## ARGUMENT

Fox News has an obvious interest in challenging government demands for its property, especially when those demands will disrupt the integrity of the newsgathering processes at the core of its business. That interest suffices to justify Fox News' participation in this proceeding, regardless of whether the Court relies on its inherent power to authorize the company's participation (as many courts have done) or analyzes Fox News' motion under Federal Rule of Civil Procedure 24 (as other courts have done). Under either rubric, Fox News should be permitted to intervene.

I. **Interested Parties Are Routinely Permitted To Intervene In Motions To Quash In Criminal Proceedings.**

There is no rule explicitly governing third-party participation in subpoena-quashal proceedings, which are "essentially criminal in nature." *In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985 (Simels)*, 775 F.2d 499, 502 (2d Cir. 1985). As a result, federal courts—including the D.C. Circuit—have looked to "the inherent power of courts in the absence of statute or rule." *Id.*; *see United States v. Hubbard*, 650 F.2d 293, 311 (D.C. Cir. 1980).

4

Under that plenary authority, federal courts have "frequently permitted third parties to assert their interests in preventing disclosure of material sought in criminal proceedings." *Hubbard*, 650 F.2d at 311 n.67. Indeed, in the D.C. Circuit and elsewhere, "[i]t is settled law that persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings and seek protective orders." *Id.* (quoting *United States v. RMI Co.*, 599 F.2d 1183, 1186 (3d Cir. 1979)).

Needless to say, a newsgathering organization—whether print, television, or digital—is deeply "affected," *id.*, whenever one of its reporters is subpoenaed to testify before a grand jury. That is why federal courts have not hesitated to permit newsgathering organizations to intervene whenever the government has subpoenaed one of the organization's reporters for information and materials gathered in the course of his or her employment. For example, in *Branzburg v. Hayes*, 408 U.S. 665 (1972), the Supreme Court noted approvingly that the New York Times was allowed to intervene to defend its reporter against one of the subpoenas at issue. *Id.* at 676 n.13. And the district court in that case—whose opinion the Supreme Court cited favorably—articulated the test it had used to permit intervention: It stated that the newspaper could participate so long as it could allege a potential injury-in-fact, and it found that "[t]he New York Times Company has such an interest in the work product of [its reporter] and the knowledge he has acquired in the course of his employment as a full time reporter for it." *Application of Caldwell*, 311 F. Supp. 358, 359-360 (N.D. Cal. 1971), *rev'd on other grounds*, 434 F.2d 1081 (9th Cir. 1970), *rev'd sub nom., Branzburg*, 408 U.S. 665.

Other courts have reached the same result in similar contexts. The Third Circuit, for example, approved CBS's intervention to protect subpoenaed materials even though it was "neither a recipient of an outstanding subpoena nor a witness," because CBS was a "person[]

affected by the disclosure of allegedly privileged materials." *United States* v. *Cuthbertson*, 651 F.2d 189, 193-194 (3d Cir. 1981) (quoting *RMI*, 599 F.2d at 1186). The Supreme Court and the First Circuit noted approvingly that a district court allowed a United States Senator to intervene to quash a subpoena issued to his aide. *Gravel* v. *United States*, 408 U.S. 606, 609 n.1 (1972); *United States* v. *Doe*, 455 F.2d 753, 756 (1st Cir. 1972). And courts frequently recognize that other sorts of employers have proprietary or privilege interests that are directly affected by subpoenas issued to their employees, and thus permit those employers to intervene in quashal proceedings. *See, e.g.*, *SEC* v. *Dresser Indus., Inc.*, 628 F.2d 1368, 1390 (D.C. Cir. 1980) (employer should have been permitted to intervene in SEC investigation subpoena issued to employee); *see also In re Grand Jury*, 475 F.3d 1299, 1303 (D.C. Cir. 2007) (client permitted to intervene where subpoena issued to attorney); *In re Grand Jury Proceedings*, 201 F. Supp. 2d 5, 8-9 (D.D.C. 1999) (same).

So too here. Fox News would be "affected by" the disclosure of privileged material, *Cuthbertson*, 651 F.2d at 193, not only because Fox News has "an interest in the work product" of Mr. Levine as a general matter, *Application of Caldwell*, 311 F. Supp. at 359, but also because the subpoenaed materials and information are Fox News' property. *See* Brandi Decl. ¶ 5, Ex. A, at 9, 29-30. And Fox News' resources—including the time and attention of Fox News' Justice Department reporter and senior management—have been, and will continue to be, diverted to fighting this intrusion into Fox News' work. *Id.* ¶ 11.

Moreover, even putting aside Fox News' obvious proprietary interests, it has a clear stake in this proceeding that justifies intervention. After all, "[t]hird party standing to assert claims of grand jury abuse cannot be determined by categorizing the claimed interest as one of property or privilege, but only by examining the nature of the abuse, and asking whether . . . it impinges

upon the legitimate interests of the party allegedly abused." *In re Grand Jury*, 619 F.2d 1022, 1027 (3d Cir. 1980). And there is no question that Fox News has another "legitimate interest[ ]" at stake here—namely, its ability to effectively gather news. Fox News' speech has been, and will be, chilled by the issuance and enforcement of this subpoena. *See* Clemente Decl. ¶¶ 9-11; *see also* Fox News Mot. to Quash at 12-16, 22-25. That is reason enough to justify its intervention in the grand jury proceeding.

## II.   Fox News Should Be Permitted To Intervene Under Rule 24.

The outcome is no different if the court were to analogize to Federal Rule of Civil Procedure 24, as some courts have done. *See, e.g., In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001); *In re Grand Jury Proceedings (PHE, Inc.)*, 640 F. Supp. 149, 151-52 (E.D.N.C. 1986). Fox News meets the requirements to intervene, both as of right and by the permission of the Court.

### A.   Fox News Has The Right To Intervene.

Courts in this district determining whether to grant intervention as of right under Rule 24 consider four factors:

> (1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties.

*Sierra Club v. Van Antwerp*, 523 F. Supp. 2d 5, 9 (D.D.C. 2007) (Lamberth, J.) (quoting *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003)). Fox News meets that test. First, the motion is timely, having been filed before the return date that the Department set. Second, Fox News has "an interest relating to the property or transaction which is the subject of

7

the action" for the reasons already discussed. Third, disposition of the action may "impair or impede [Fox News'] ability to protect that interest" because enforcement of the subpoena will require Fox News to turn over its proprietary information and will cause a chilling effect on the company's journalists. *See supra* at 3-4. And fourth, Fox News' interests are not adequately represented by Mr. Levine because Mr. Levine (who is represented by his own counsel) faces a risk the company does not—namely, the risk of being held in contempt and possibly going to prison. Moreover, the company faces potential harms that Mr. Levine does not—namely, a company-wide chilling effect. This potential divergence more than suffices to meet the low bar erected by the "adequate representation" prong. After all, intervention is proper where parties' interests are "similar," so long as they are not absolutely "identical." *United States* v. *AT&T*, 642 F.2d 1285, 1293 (D.C. Cir. 1980). Third parties thus should be permitted to intervene "unless it is clear that the party will provide adequate representation for the absentee"—and the burden is on the party opposing intervention to demonstrate as much. *Id.*

Because all four factors are satisfied here, Fox News should be permitted to intervene as of right.

**B.    Fox News Should Be Permitted To Intervene In Any Event.**

Alternatively, the Court should exercise its discretion to allow Fox News to intervene permissively. The standard for permissive intervention is not rigorous. So long as the intervenor makes a timely motion—as Fox News has—then " 'the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact,' as long as the intervention does not 'unduly delay or prejudice the adjudication of the rights of the original parties.' " *Convertino* v. *Department of Justice*, 674 F. Supp. 2d 97, 108 (D.D.C. 2009) (quoting Fed. R. Civ. P. 24(b)(1)-(3)). Under that standard, district courts in

this Circuit have allowed third parties to intervene to assert their "legal interest" in documents at issue in an underlying proceeding. *See id.* at 109 (explaining that the would-be intervenor "need not have a common question of law or fact with the entire suit" so long as it has a legal interest in the documents at issue). That is the situation here. As discussed above, Fox News has the quintessential legal interest—ownership—in the documents that the subpoena seeks. And Fox News' intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties," *id.* at 108, because Fox News is filing its intervention motion and accompanying papers on the same day that Mr. Levine is filing his motion to quash. And both Fox News' and Mr. Levine's papers are being filed before the return date set by the government. This Court should accordingly allow Fox News to intervene in these proceedings.

## CONCLUSION

For the foregoing reasons, Fox News respectfully requests that its Motion to Intervene be granted, and its Motion to Quash be docketed and granted.

Respectfully submitted,

*[signature]*

Of counsel:

Dori Ann Hanswirth
dori.hanswirth@hoganlovells.com
Nathaniel S. Boyer
nathaniel.boyer@hoganlovells.com
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
(212) 918-3000 (tel.)
(212) 918-3100 (fax)

Douglas A. Fellman (D.C. Bar No. 412746)
douglas.fellman@hoganlovells.com
Christopher T. Handman (D.C. Bar No. 471017)
chris.handman@hoganlovells.com
Dominic F. Perella (D.C. Bar No. 976381)
dominic.perella@hoganlovells.com
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600 (tel.)
(202) 637-5910 (fax)

Dated:   May 3, 2011

Counsel for Fox News Network, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2011, copies of Fox News Network, LLC's Memorandum of Law in Support of Fox News Network, LLC's Motion to Intervene were served by hand and by electronic mail on the following:

>Jack Smith, Chief
>Eric G. Olshan, Trial Attorney
>Public Integrity Section, Criminal Division
>1400 New York Avenue NW
>Washington, D.C.   20005
>eric.olshan@usdoj.gov
>
>Counsel for the United States
>
>
>John S. Darden
>PATTON BOGGS LLP
>2550 M Street, NW
>Washington, D.C. 20037-1350
>jdarden@pattonboggs.com
>
>Counsel for Michael Levine

_/s/ Christopher T. Handman_
Christopher T. Handman

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE GRAND JURY SUBPOENA. | ) ) ) Misc. No. 11-261 ) ) ) ) ) |

## [PROPOSED] ORDER

Upon consideration of Fox News Network, LLC's Motion to Intervene in this proceeding, the memorandum of points and authorities in support thereof, any opposition thereto, and the entire record herein, it is, this ___ day of _____, 2011, hereby

**ORDERED**, that Fox News Network, LLC's Motion to Intervene hereby is GRANTED; and it is

**FURTHER ORDERED** that Fox News Network, LLC be permitted to intervene as a movant in the above-captioned action; and it is

**FURTHER ORDERED** that Fox News Network, LLC's Motion to Quash and the memorandum of points and authorities in support thereof, as attached to Fox News Network, LLC's Motion to Intervene be, and hereby is, deemed filed.

_____
United States District Judge

Dated: _____

# EXHIBIT 1

to Fox News Network, LLC's Motion to Intervene

Misc. No. 11-261

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE GRAND JURY SUBPOENA. ) | Misc. No. 11- 261 |

## DECLARATION OF DIANNE BRANDI

I, Dianne Brandi, declare as follows:

1. I am Executive Vice President, Legal and Business Affairs, at Fox News Network, LLC ("Fox News"). I have been the chief legal officer for Fox News since 1997. I have personal knowledge of the matters stated herein.

2. Michael Levine is Fox News' Department of Justice and Department of Homeland Security producer. As described in the accompanying Declaration of Michael Clemente, Mr. Levine's reporting has included the topic of young Somali-American men being recruited to return to Somalia for the purpose of training with an Al-Qaeda linked terrorist organization known as al-Shabaab. Mr. Levine's first news report on this subject, entitled "Grand Jury Convenes in FBI Terror Case Against Somali-Americans in Minneapolis, Sources Say," was published in March 2009 on foxnews.com. Mr. Levine wrote several follow-up stories over the next few weeks, including the story that is the apparent focus of the grand jury subpoena in this case: a report published on foxnews.com on July 2, 2009 entitled "Somali-Americans Accused of Al Qaeda Ties Indicted on Terror Charges, Sources Say." Over the course of the next 12 months, Mr. Levine wrote at least 26 additional news reports on this

subject. (True and correct copies of each of Mr. Levine's news reports on this subject are annexed to the Declaration of Michael Clemente as Exhibit "A.").

3. In January 2011, Mr. Levine received a grand jury subpoena requiring testimony and the production of documents. The subpoena appears to call for information relating to his June and July 2009 news reports, including information relating to the identity of confidential law enforcement sources. The subpoena commands Mr. Levine to produce notes, memoranda, and other written records regarding his newsgathering efforts and identifying his confidential law enforcement sources.

4. The production required by the subpoena would undermine not just Fox News' newsgathering functions, as made plain in the Declaration of Mr. Clemente, but also Fox News' proprietary and ownership interests in the materials at issue. The notes taken and records created by Fox News' employees—including Mr. Levine—belong to Fox News as works made for hire under the Copyright Act.



[redacted]

5. The information that our journalist employees glean from their sources falls within the scope of these provisions. Fox News has an obvious proprietary interest in protecting that information and keeping it private: Not only is the information the company's property, but it may be of practical use for future reporting. That proprietary interest would be impinged, and may be destroyed, if a Fox News reporter were forced to divulge his or her records and notes to a grand jury.

6. Each of the foregoing paragraphs numbered 1 through 5 reflect my true and accurate views and beliefs as of the date of execution of this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my recollection.

_____
Dianne Brandi

Executed this 27th day of April 2011