**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUL 2 5 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

)
)
In re Grand Jury Subpoena            )          Misc. No. 11-261 (RCL)
)
_____)

## <u>MEMORANDUM OPINION & ORDER</u>

Before the Court is movants Michael Levine and Fox News' Joint Motion [12] to

Disclose Portions of the *Ex Parte In Camera* Affidavit of Kevin Shirley. Upon consideration of

the motion, the government's opposition [15], the reply thereto [18], the record herein, and the

applicable law, the Court will deny the motion for the reasons set forth below.

**I.      BACKGROUND**

In July 2009, the Department of Justice began investigating whether government officials

had violated federal law by making unauthorized disclosures of sensitive information concerning

an ongoing terrorism investigation in Minneapolis, Minnesota. Opp'n to Mots. to Quash 1 [8]. In

the underlying investigation, three Somali-Americans were charged with offenses stemming

from their involvement with Al-Shabaab, a terrorist organization that had recruited young

Somali-Americans to commit acts of terrorism against the Somali government. *Id.* Then-Judge

James Rosenbaum presided over the cases, which were filed under seal. *Id.* On July 1, 2009,

FoxNews.com posted an article by Levine that credited two unnamed "law enforcement sources"

with providing information regarding, among other things, the existence of sealed grand jury

indictments against at least three Somali-Americans. *Id.* at 3–4; Levine's Mot. to Quash Ex. A.

Judge Rosenbaum, concerned that the article threatened the viability of both charged and future

cases stemming from the grand jury's investigation into Somali extremism, requested that the

government initiate the instant leak investigation. Opp'n to Mots. to Quash 2 [8].

As part of its leak investigation, the government issued a grand jury subpoena to Levine, compelling him to provide documents and testimony necessary to identify the law enforcement sources cited in his story. *Id.* Levine and his employer, Fox News, moved separately to quash the subpoena. In opposing their motions to quash, the government submitted the affidavit of Special Agent Kevin Shirley of the Department of Justice Office of Inspector General. The government filed the affidavit *in camera* and *ex parte* "because it makes extensive references to sensitive investigative information, including the identities of witnesses and the strategy or direction of the investigation, which remains ongoing." *Id.* at 2–3.

Movants now seek disclosure of portions of the Shirley Affidavit, asserting that the government's "indiscriminate use of the *ex parte* process violates settled law and notions of fair play." Mem. in Supp. of Joint Mot. to Disclose 1 [12]. Specifically, movants ask the Court to order the government to produce the affidavit, "narrowly redacting only information that truly arises from ongoing grand jury proceedings." *Id.* at 2. In response, the government argues that *in camera* review is necessary to guard against the disclosure of sensitive investigative information, regardless of whether that information is grand jury material protected by Federal Rule of Criminal Procedure 6(e).

## II.   **DISCUSSION**

It is by no means novel for courts evaluating motions to quash to review *ex parte* submissions *in camera*. Indeed, courts in this district have relied on such submissions to determine whether any grounds exist to quash a grand jury subpoena. *See, e.g.*, *In re Special Counsel Investigation*, 346 F. Supp. 2d 54 (D.D.C. 2004) (evaluating a journalist and magazine's motion to quash by relying on an *ex parte* affidavit outlining the government's investigation of the disclosure of Valerie Plame's identity); *In re Grand Jury 95-1*, 59 F. Supp. 2d 1 (D.D.C.

1996) (evaluating journalists' motions to quash by relying on *ex parte* submissions indicating that subpoenaed materials contained information necessary to a criminal investigation). Notably, the D.C. Circuit has recognized the propriety of *in camera* review where "confidential investigative material" is at play—regardless of whether that material is protected from disclosure by Rule 6(e). *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1067 (D.C. Cir. 1998).[1] *In re Sealed Case No. 98-3077* involved an apparent leak of grand jury information to the media. *Id.* at 1061–62. In response to a motion for an order to show cause why the prosecutors should not be held in contempt for leaking the information, the district court ordered the prosecutors to provide the movants with discovery for a show cause hearing. *Id.* at 1062. Reversing the district court's order, the Court of Appeals noted that

> [t]he importance of the grand jury to the enforcement of the federal criminal law is well documented, and the impact on an ongoing grand jury investigation of a burdensome discovery process and adversarial hearing, through which [the movants] learn of confidential investigative material— *even if not Rule 6(e) material*—could be profound.

*Id.* at 1067 (emphasis added). As the Court explained, even if information "regarding the course of the investigation, such as investigative leads ultimately not pursued, was considered not to be 'matters occurring before the grand jury'"—and thus was not protected by Rule 6(e)—"its revelation would still provide useful clues as to the direction of the prosecutors' efforts." *Id.* at 1072. The Court thus concluded that the district court's order, which restricted discovery to matters not covered by Rule 6(e), didn't go far enough to protect the prosecutors' confidentiality interests. *Id.* at 1066. Moreover, a "typical civil adversarial proceeding" involving discovery—as opposed to *in camera* review—would result in a "full-blown sidebar trial" that would "divert the

---

[1] Although this case dealt with a Rule 6(e)(2) proceeding—that is, a proceeding to enforce the grand jury secrecy rule against prosecutors—its analysis involves confidential investigative material, and is thus relevant here.

grand jury from its investigation." *Id.* For these reasons, the Court held that the government's evidence should have been submitted *ex parte* for *in camera* review. *Id.* at 1074–76.

This Court finds no reason why *in camera* review is improper here. The government submitted the Shirley Affidavit to inform the Court about its leak investigation and the steps it has taken to date. The affidavit contains details regarding an *ongoing* investigation—including the identities of witnesses, the direction of the investigation, and the nature of the government's investigatory techniques. *In camera* review of the affidavit would both protect the government's confidentiality interests and avoid unnecessary delays to the grand jury's investigation. *See In re Sealed Case No. 98-3077*, 151 F.3d at 1066.

Movants would have the Court require the government to "make a point-by-point showing that each piece of information it seeks to keep from the challenging party is so sensitive that it must be withheld." Reply in Supp. of Joint Mot. to Disclose 1 [18]. Specifically, movants argue that two categories of information in the Shirley Affidavit—the harm caused by the leak, and the government's efforts to identify Levine's sources—reveal nothing about ongoing grand jury investigations. Thus, movants contend, this information is unlikely to be so sensitive as to justify *ex parte* treatment. At the outset, the Court finds that the government has provided sufficient justification for submitting the Shirley Affidavit *in camera* and *ex parte*. Moreover, upon review of the affidavit, the Court finds that the "point-by-point showing" movants request is unwarranted. The information movants seek is central to an ongoing investigation—an investigation that has culminated in the grand jury subpoena issued to Levine. Disclosure of this information would inappropriately reveal the direction and nature of the investigation. *See In re Sealed Case No. 98-3077*, 151 F.3d at 1072. Moreover, this litigation arises in the context of a grand jury proceeding—not a criminal trial, during which a defendant would be entitled to such

4

information. Movants' argument that *in camera* review is fundamentally unfair is therefore unpersuasive. In sum, in balancing the need for judicial transparency against the need to protect sensitive information, the Court finds that *in camera* review is justified here.

### III.   CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that movants' Joint Motion [12] to Disclose Portions of the *Ex Parte In Camera* Affidavit of Kevin Shirley is DENIED.

**SO ORDERED** this _25th_ day of July 2011.

ROYCE C. LAMBERTH
Chief Judge
United States District Court